HASSEL B. JOHNSON, Respondent, *v.* ARTKRAFT STRAUSS SIGN CORP. et al., Appellants.

FRANK W. STEVENS, INC., Third-Party Plaintiff-Appellant, *v.* S. ASCH & SON, INC., Third-Party Defendant-Respondent.

First Department, October 10, 1974.

*William F. Larkin* of counsel (*Flood, Conway, Walsh, Stahl & Farrell,* attorneys), for Frank W. Stevens, Inc., appellant and third-party plaintiff-appellant.

*Asher Marcus* of counsel (*Peter James Johnson* with him on the brief; *Leahey & Johnson* and *Hanlon & Dawe,* attorneys), for Artkraft Strauss Sign Corp., appellant.

*Seymour Armstrong* of counsel (*Lawrence M. Rosenberg,* attorney), for respondent.

*Douglas A. Boeckmann* of counsel (*Craig, Betlesky & Lockhart,* attorneys), for third-party defendant-respondent.

*Per Curiam.* Despite the objections of all the defendants, the trial court submitted this case to the jury for a special verdict, instead of a general verdict and, accordingly, gave the jury 11 questions which were to be answered.

The court announced, before summations, that it would give the jury a charge limited to general instructions on the subject of negligence and would reserve to itself the application of the Labor Law provisions and the final determination of liability, as the court deemed proper, on the basis of the answers which the jury would give to the specific questions given to them.

While we cannot perceive what was to be gained by adopting this procedure in this not unusual negligence case, nevertheless it was within the discretion of the trial court as to whether it would ask the jury for a general or special verdict. (CPLR 4111.) It is also true that, when a special verdict is requested, it often eliminates the need for complicated instructions to the jury. But, some instructions must be given in order to inform the jury as to what the issues are and what law is applicable, so as to enable the jury to answer intelligently the questions put to it. Subdivision (b) of the last cited section provides: " The court shall give sufficient instruction to enable the jury to make its findings upon each issue."

An examination of the charge in this case discloses that it was most general in nature, totally failed to advise the jury of the relations of the various parties in this litigation to each other, with particular reference to what legal consequences flowed from such relations. In other words, it failed completely to come to grips with the particular legal principles involved and the jurors were left in the dark as to what law applied in the case. The court failed to inform the jury as to what duty or standard of care was owed by the defendants to the plaintiff in order to lay a proper foundation for the jury to come to a conclusion as to whether or not there was actionable negligence.

"Actionable negligence involves a duty owing to the injured party, a breach of such duty and injuries proximately resulting therefrom." (*Nieves* v. *Manhattan & Bronx Surface Tr. Operating Auth.*, 31 A D 2d 359, 360.)

The language of the court in *Green* v. *Downs* (27 N Y 2d 205, 208) is particularly applicable to the charge of the court in the case at bar and it reads as follows: There was "an almost complete lack of specificity in the over-all charge; and, in particular * * * [a] failure to discuss the evidence and to relate it to the principles of law that were charged, and to apply to each party's version the pertinent statutory and decisional law".

It is also noted that, on the facts disclosed in the record now before us, it was error for the jury to apportion damages between the general contractor, Stevens, and the subcontractor, Artkraft. While it is true that a general contractor is under a nondelegable duty to exercise reasonable care to safely maintain the common ways and approaches used by employees, when an independent contractor assumes the duty of performing an act which is dependent upon its personal care and attention, as did Artkraft in the case at bar, and an injury arises by reason of lack of such care and attention, such independent contractor is liable to the general contractor, if the latter is called upon to pay and does pay the damages arising from such negligence. (*Scott* v. *Curtis*, 195 N. Y. 424, 428.)

From the record before us it appears that Stevens subcontracted out the entire work and took no part in the operation. The evidence indicates that it was Artkraft's employees who did the lashing, fastening and tying of the ladder so as to prevent it from moving in the manner in which it did. They did this knowing that such ladder was being used by plaintiff, and other persons working with him, as their sole means of access between the fourth and fifth floors. On such a record Stevens would be

entitled to 100% indemnity since its liability is solely vicarious in nature, Artkraft being the active wrongdoer. (*Leika* v. *Shau*, 38 A D 2d 771; *Rogers* v. *Dorchester Assocs.*, 32 N Y 2d 553, 565–566; and *Kelly* v. *Diesel Constr. Div. of Carl A. Morse, Inc.*, 35 N Y 2d 1.) In the last-cited case at page 6 of the opinion, the court said: " There is no good reason to continue the artificial policy involved in denying an owner or contractor, liable vicariously only under the applicable sections of the Labor Law, from obtaining indemnification under common-law principles, or, in a proper case, contribution under the doctrine in *Dole* v. *Dow Chem. Co.*".

The judgment entered in favor of plaintiff should be reversed on the law and on the facts and a new trial ordered with respect to all issues of liability and damages raised by all of the parties hereto, with costs to abide the event.

McGIVERN, P. J. (dissenting). I would affirm the judgment against defendant Artkraft Strauss Sign Corp. and reverse on the law the judgment against defendant Frank W. Stevens, Inc. and dismiss the complaint against the latter defendant.

We have under consideration a special verdict and I find no valid basis for disturbing the judgment against defendant subcontractor Artkraft. The charge, although not ideal, was sufficient to sustain intelligent response by the jury to the special questions directed to the jury. The record fully sustains both the specific finding of negligence by the jury against the defendant Artkraft and the trial court's reserved determination of liability. CPLR 4111 (subd. [b]) provides, *inter alia,* that when the court requires a jury to return a special verdict: " The court shall give sufficient instruction to enable the jury to make its findings upon each issue. If the court omits any issue of fact raised by the pleadings or evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without demand, the court may make an express finding or shall be deemed to have made a finding in accordance with the judgment." Thus, I fail to appreciate the necessity of a new trial as to the defendant Artkraft.

And in view of the complete failure of evidence to sustain the judgment against the defendant Stevens, either under common law or Labor Law (§ 200), the complaint against this defendant should be dismissed. (*Rusin* v. *Jackson Heights Shopping Center*, 27 N Y 2d 103; *Persichilli* v. *Triborough Bridge & Tunnel Auth.*, 16 N Y 2d 136.) On this record, it is clear that there was no basis for the judgment against Frank

W. Stevens, Inc. As the Court of Appeals noted in *Persichilli* (*supra,* p. 145): " It is by this time well settled that the duty to provide a safe place to work is not breached when the injury arises out of a defect in the subcontractor's own plant, tools and methods, or through negligent acts of the subcontractor occurring as a detail of the work ".

MARKEWICH, STEUER and CAPOZZOLI, JJ., concur in *Per Curiam* opinion; McGIVERN, P. J., dissents in an opinion in which KUPFERMAN, J., concurs.

Judgment, Supreme Court, New York County, entered on November 8, 1973, reversed, on the law and on the facts, and a new trial directed with respect to all issues of liability and damages raised by all of the parties hereto, with $60 costs and disbursements to abide the event.