■ Stanley Wood, Appellant, v Hein Trucking Corpora-

TION et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 16, 1984 in Albany County, upon a verdict rendered at Trial Term (Conway, J.).

In accordance with Insurance Law § 5102, part of New York's No-Fault Law, plaintiff brought a single action in Albany County Supreme Court covering claims in negligence to recover damages for serious personal injuries which he allegedly sustained in two separate motor vehicle accidents which occurred on May 9, 1978 in New York City and on May 30, 1978 in the City of Albany. Among other claimed injuries, plaintiff averred that he sustained a compression fracture of his sixth cervical vertebra (hereinafter C-6 fracture) as a result of the first accident, and that the injury was aggravated as a result of the second accident. However, the trial court charged the jury that as a matter of law the C-6 fracture shown on plaintiff's X rays predated the first accident, and that the jury was not to consider the fracture in determining either the threshold issue of serious injury under Insurance Law § 5102 (d) (4) or the issue of damages.

Plaintiff's single contention on appeal is that there was a genuine triable issue of fact concerning the cause of his C-6 fracture. We disagree. As in any other negligence case, plaintiff had the burden of establishing causation as an element of his prima facie case under Insurance Law § 5102 *(Bugge v Sweet,* 90 AD2d 858, *affd* 61 NY2d 710). He was therefore required to demonstrate that a genuine triable issue of fact concerning causation existed *(Zoldas v Louise Cab Corp.,* 108 AD2d 378, 383). However, plaintiff's evidence of causation was vague and tenuous. Plaintiff's only witness was a nontreating physician who examined hospital records and X rays taken of the neck following the first accident. This doctor conceded that the finding of the radiologist at the first hospital where plaintiff was treated merely stated "suspicious" fracture. The record of examination at the second hospital that plaintiff was transferred to after the first accident refers to a questionable compression fracture and says "T, *old,* anterior, superior compression fracture of c-6" (emphasis supplied). Plaintiff's expert, in his initial testimony, merely stated that the X rays showed a C-6 fracture, without specifically attributing it to the accident which plaintiff sustained on May 9, 1978.

In contrast, defendants clearly put lack of causation in issue. Their expert testified that from his reading of the X rays and hospital records, the fracture preceded the May 9, 1978 accident, and he explained in detail why he came to the

conclusion. He stated that the X rays showed no bulging of the soft tissue or displacement of fat surrounding the ligament which would accompany a recent fracture, and there was no evidence of muscle spasm from an acute injury on the May 9 or May 30 X rays. On rebuttal, plaintiff's expert was even more vague than he had been previously. He merely stated that the accidents caused the injuries for which plaintiff was treated and in no way addressed defendants' expert's findings or conclusions, and the record is totally devoid of any evidence of treatment for the fracture after the first accident; plaintiff was only treated for a cerebral concussion and for head and back trauma and, after the second accident, for a cervical sprain.

From the foregoing, it is apparent that plaintiff failed to submit any competent evidence of causation regarding the C-6 fracture. His medical expert's testimony was at most vague and inconclusive and the medical records were even less probative in connecting that injury to the accident sued upon. Plaintiff's proof was "essentially an exercise in speculation [which] does not rise to the level of credible medical evidence required to support plaintiff's claim of" causation (Dwyer v Tracey, 105 AD2d 476, 477; accord, De Filippo v White, 101 AD2d 801, 802; Jones v Sharpe, 99 AD2d 859, affd 63 NY2d 645).

Judgment affirmed, with costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.