■ GLENN JAKALOW, Appellant, v JOSEPHINE CONSOLI et al.,

Respondents.—In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Stolarik, J.), dated September 9, 1988, as denied that branch of his motion which was to set aside the jury verdict on the issue of liability which apportioned 50% of the fault in the happening of the accident to him.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, and that branch of the plaintiff's motion which was to set aside the jury verdict as to liability is granted, and a new trial is granted, with costs to abide the event.

It is well settled that an appellate court may not set aside a jury's verdict as being against the weight of the evidence unless it finds that the jury could not have reached its verdict upon any fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498; *Nicastro v Park,* 113 AD2d 129, 136). In the instant case, we find that the jury's verdict on the issue of liability was not supported by a fair interpretation of the evidence adduced at the trial, which established that the plaintiff's motorcycle was traveling straight through an intersection with the right-of-way and within the speed limit when it was struck by the defendant driver's car. The defendant driver was turning left and admittedly failed to observe the plaintiff's approaching motorcycle prior to the collision. Thus there is no reasonable interpretation of the evidence to support the jury's apportionment of 50% of the fault in the happening of the accident to the plaintiff. Thompson, J. P., Lawrence, Miller and O'Brien, JJ., concur.