■ ALICE SYRKETT, Appellant, v JANE E. BURDEN, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated September 7, 1989, which denied her motion to set aside a jury verdict against her and in favor of the defendant as contrary to the weight of the evidence.

Ordered that the order is affirmed, with costs.

It is well settled that a jury verdict will be set aside as contrary to the weight of the evidence only when the jury could not have reached its verdict on any fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Jackalow v Consoli,* 166 AD2d 414; *Nicastro v Park,* 113 AD2d 129).* In the instant case, we find that the jury's verdict was

based upon a fair interpretation of the evidence and therefore should not be disturbed *(see, Hershkowitz v Saint Michel,* 143 AD2d 809).

At the trial on the issue of damages, liability having been determined after the court struck the defendant's answer owing to her failure to appear at a deposition, the plaintiff adduced evidence that she sustained, *inter alia,* a herniated disc when her vehicle was struck in the rear by the defendant's automobile. The plaintiff testified about the pain she endured, and the activities in which she was no longer able to participate. Expert testimony was adduced suggesting that the accident was in fact the cause of the plaintiff's injuries. The defendant, however, produced contradictory medical testimony from her own expert, who stated that the plaintiff's injuries were the result of a congenital and degenerative curvature of her spine, which caused the herniation of the disc. Moreover, the defendant's expert testified that the herniation was not acute, and that no pressure was being exerted upon the spinal cord. He thus testified, in essence, that he doubted that the herniated disc was capable of causing the symptoms of which the plaintiff complained.

As the foregoing illustrates, the conflicting evidence adduced at the trial created a question of credibility between the parties' witnesses. It is axiomatic that great deference should be afforded to the conclusion of the fact-finder which saw and heard the witnesses *(Nicastro v Park, supra,* at 136). The jury's verdict in this case reasonably credited the testimony of the defendant's expert. Moreover, in light of the dearth of evidence concerning the accident itself, and the evidence that the plaintiff drove her car to a police station following the accident, where she eschewed medical treatment, and then drove to a hospital, where she was examined and released, the jury's verdict in favor of the defendant rested upon a fair interpretation of the evidence *(see, Norfleet v New York City Tr. Auth.,* 124 AD2d 715).

The plaintiff's claim that the jury improperly considered the issue of liability in determining that no damages were sustained is without merit. At the trial on the issue of damages the plaintiff was still required to prove the extent of the damages sustained *(see, Paulson v Kotsilimbas,* 124 AD2d 513). In any event, the plaintiff's counsel acquiesced in the decision to submit to the jury the issue of whether the accident was a proximate cause of the plaintiff's injuries and counsel actively argued in support of such a finding. Accordingly, having charted her own course, the plaintiff may not now be heard to

complain of the result *(see, Orens v Secofsky,* 60 AD2d 866). Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.