■ In the Matter of AMBER L., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VERONICA M., Appellant. [687 NYS2d 488] —Mikoll, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered October 15, 1997, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be neglected.

Respondent, the mother of Amber L. (born in 1992), suffers

from a serious mental illness. In April 1997, petitioner filed a neglect petition alleging that respondent's illness placed Amber at risk of harm by respondent, who had in fact caused harm to the child. Amber was temporarily removed and placed in foster care pursuant to Family Court Act § 1024. Her placement was continued following a hearing to determine whether the child should be returned to respondent. After a fact-finding hearing on petitioner's amended neglect petition, Family Court entered an adjudication of neglect. Following a dispositional hearing, the court entered suspended judgment pursuant to Family Court Act § 1052 (a) (i) and placed Amber in petitioner's custody and respondent under its supervision for one year. Respondent appeals.

Notably, respondent does not challenge the sufficiency of the evidence supporting the neglect adjudication, contending instead that she was denied fair hearings by virtue of improper and prejudicial statements made by counsel for petitioner. We disagree. Of the six instances cited by respondent, only one constitutes improper conduct. The remainder of the challenged remarks, even were they all preserved for our review,* are fair characterizations of facts in evidence or inferences to be drawn therefrom (see, Matter of Catherine K., 256 AD2d 1025, 1026).

At the return-of-the-child hearing, counsel for petitioner stated in summation that a witness had testified to observing respondent "pick up her child and throw her on the ground, on the floor no doubt hurting her child". In point of fact, the witness testified that when Amber ignored respondent's direction to pick up her toys, "[respondent] grabbed her by the arm and moved her over to the toys in I thought a harsh way". Quite clearly, counsel improperly misstated this testimony, which we under no circumstances condone. To constitute a basis for reversal, however, we must find a pervasive pattern of such misconduct; a single, isolated remark will not suffice (see generally, People v Scotti, 220 AD2d 542; Vassura v Taylor, 117 AD2d 798, 800). Moreover, that Family Court was unaffected by this misstatement is evident from its accurate description of this event in its decision (see, Matter of Ian DD., 252 AD2d 669, 670).

Respondent's remaining contention relates to the propriety of the dispositional order which placed Amber in petitioner's custody for 12 months. Although this issue appears to be moot, as the dispositional order expired in October 1998 and the record does not indicate that it has been extended (see, Matter of

---

* Respondent's counsel failed to object to the two statements made by petitioner's counsel in summation at the fact-finding hearing.

*Nathan PP.*, 246 AD2d 835, *lv denied* 91 NY2d 813), sufficient evidence was adduced at the fact-finding and dispositional hearings to demonstrate that Amber's best interest was served by her placement with petitioner given the risk of harm resulting from respondent's illness (*see, Matter of Catherine K.*, 224 AD2d 880, 881).

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.