■ AMOCO OIL COMPANY, Respondent, v GINO LUCADAMO & SONS, INC., Appellant. [688 NYS2d 632] —In an action, *inter alia*, to recover damages for breach of contract, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated November 25, 1997, as, upon a jury verdict in favor of the plaintiff and against it in the principal sum of $74,250, determined that the plaintiff was entitled to pre-judgment interest at a rate of nine percent per annum from June 1, 1994, and (2) from a judgment of the same court dated December 15, 1997, which, upon the order, is in favor of the plaintiff and against it in the sum of $99,316.22.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1], [2]).

Notwithstanding our prior determination that the plaintiff Amoco Oil Company (hereinafter Amoco) was not entitled to indemnification from the appellant for the injuries sustained by the plaintiff in an underlying negligence action (*see, Sievert v Morlef Holding Co.,* 241 AD2d 445; *see also, Sievert v Morlef Holding Co.,* 220 AD2d 403), as properly found by the jury, Amoco is entitled to reimbursement of the legal fees it incurred in defending the action. The contract between Amoco and the appellant pursuant to which the appellant performed certain construction work that allegedly caused the plaintiff in the underlying action to sustain personal injuries, expressly obligated the appellant to maintain general liability insurance in specified sums protecting both Amoco and the appellant from any damages arising in connection with the parties' contract. The jury rationally concluded that the appellant breached this distinct and enforceable contractual obligation (*see, Kinney v Lisk Co.,* 76 NY2d 215) and as a result, Amoco was damaged to the extent that it was compelled to provide for its own defense of the underlying action. While the appellant contends that

this issue of contract interpretation was one of law for the court's determination and never should have been submitted to a jury, the appellant failed to make a formal written motion for summary judgment seeking any relevant relief. The informal, oral application made by the appellant's trial counsel after the trial had begun was palpably improper and the court properly refused to entertain it. The parties charted their own course by submitting this issue to a jury and thus the appellant has no right to complain that the issue was one of law for the court (*see, Fulgenzi v Rink,* 253 AD2d 846; *Syrkett v Burden,* 176 AD2d 938; *Herbal Mgt. Corp. v Cole,* 142 AD2d 553).

The appellant's remaining contentions are without merit. S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.