■ J. Lawson Brown, Jr., et al., Appellants-Respondents, v County of Albany, Respondent-Appellant. [706 NYS2d 261] —Peters, J. Cross appeals from a judgment of the Supreme Court (Cobb, J.), entered November 20, 1998 in Albany County, upon a verdict rendered in favor of defendant.

Plaintiff J. Lawson Brown, Jr. (hereinafter plaintiff), an attorney, was involved in an automobile accident in May 1995. He claimed that while driving on Albany-Shaker Road in the Town of Colonie, Albany County, the back of his vehicle was

struck by a falling tree limb. Contending that he was rendered unconscious for a short period of time, he nonetheless refused medical treatment at the scene and attended a business meeting later that day. After the meeting, he went to the emergency room complaining of head, neck and shoulder injuries and was prescribed pain killers and muscle relaxants. He returned to work approximately one week later and continued to work until October 1995, when he was diagnosed with a permanent traumatic closed-head brain injury.

In July 1996, plaintiff, and his wife derivatively, commenced this action alleging negligence. After a jury trial, defendant was found negligent in failing to remedy the dangerous condition created by the tree limb, yet such negligence was not found to be the proximate cause of plaintiff's injury. Plaintiffs unsuccessfully moved to set aside the verdict, prompting this appeal.*

Evidentiary rulings made by Supreme Court excluded not only portions of plaintiff's testimony but also that of his medical expert, Jose David. As to plaintiff's testimony, reversal will be mandated only "where the excluded matter would have had a substantial influence in bringing about a different verdict or finding" (*Dizak v State of New York*, 124 AD2d 329, 331). Error in precluding expert testimony will support a reversal only when such testimony, considered with all other evidence, would have been sufficient to bring about a contrary verdict (*see, Bochnak v Mackes*, 159 AD2d 882, *lv denied* 76 NY2d 706; *see also*, CPLR 2002). In our view, David's opinion testimony regarding the cause of plaintiff's alleged injuries to his neck, shoulder and back was properly excluded notwithstanding the theory that if those physical injuries could have been found to have been sustained in the accident, it would have provided the foundation for establishing causation with respect to the closed-head traumatic brain injury.

To be properly admitted, expert opinion evidence must generally be based upon facts either found in the record, personally known to the witness, derived from a "professionally reliable" source or from a witness subject to cross-examination (*see, Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726). David's opinion as to causation was based solely upon the opinions expressed in the report of Neil Colman, an orthopedist who had treated plaintiff shortly after the accident who was not called as a witness but whose records were admitted. David admitted to having no personal knowledge regarding the

---

* Defendant's cross appeal has been abandoned.

causation of plaintiff's neck, shoulder or back injuries as he did not treat plaintiff until January 4, 1996, over seven months after the accident. Moreover, no evidence was adduced to establish the reliability of Colman's out-of-court material which appears to have consisted of a history taken from plaintiff regarding the event (*see, id.*, at 726; *Borden v Brady*, 92 AD2d 983, 984 [Yesawich Jr., J., concurring]). With David clearly considering Colman's records not as "a link in the chain of data upon which [he] relied" (*Borden v Brady, supra*, at 984) but rather as the sole source of his opinion on the central issue of causation, we can find no error in the preclusion of his testimony on the issue of causation (*see, Schwartz v Gerson*, 246 AD2d 589; *Flamio v State of New York*, 132 AD2d 594; *O'Shea v Sarro*, 106 AD2d 435, 437; *Borden v Brady, supra*, at 984).

Plaintiff's earlier admitted testimony regarding his injuries to his neck, shoulder and back were also, in our view, properly stricken. Although we agree that he was competent to testify as to his past and present physical condition (*see, e.g., Zegman v State of New York*, 99 Misc 2d 473), where, as here, the alleged soft tissue damage was beyond the observation of the lay jury, competent expert medical testimony was required to causally connect these injuries to the accident (*see, Meiselman v Crown Hgts. Hosp.*, 285 NY 389, 396; *Miranda v City of New York*, 256 AD2d 605, 607, *lv denied* 93 NY2d 806; *cf., Mitchell v Coca-Cola Bottling Co.*, 11 AD2d 579). As no such competent testimony was proffered, no error in its preclusion is discerned.

We further decline to review a challenge to the charge given to the jury since plaintiff failed to timely object thereto, despite being provided with an ample opportunity to do so (*see,* CPLR 4110-b, 5501 [a] [3]; *Horner v Way*, 257 AD2d 819; *Zito v New York State Elec. & Gas Corp.*, 122 AD2d 499). Similarly unavailing is the claim of prejudice due to a verbal exchange between plaintiff and defense counsel during cross-examination. Our review reveals that, although inappropriate, this colloquy, immediately followed by a curative instruction, consisted of " 'an isolated remark * * * [rather than] a * * * continual and deliberate effort to divert the jurors' and the court's attention from the issues to be determined' " (*Clarke v New York City Tr. Auth.*, 174 AD2d 268, 278, quoting *Mercurio v Dunlop, Ltd.*, 77 AD2d 647). As such, reversal is not warranted (*see, Matter of Amber L.*, 260 AD2d 673; *compare, Bagailuk v Weiss*, 110 AD2d 284).

Having considered and rejected plaintiffs' remaining contentions, we affirm the judgment.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.