■ TRUDY SCHWARTZMAN, Respondent, v SYDNEY FRIEDLER et al., Defendants, and LOWELL B. DAVIS, Appellant. [718 NYS2d 882] —In an action to recover damages for legal malpractice, the defendant Lowell B. Davis appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Shifrin, R.), entered October 8, 1999, as, after an inquest, is in favor of the plaintiff and against him in the principal sum of $17,500, and (2) from an order of the same court (Joseph, J.), entered October 22, 1999, which denied his motion to vacate an order of the same court, dated December 22, 1997, granting the plaintiff's motion to strike his answer for failure to comply with a preliminary conference order, upon his default in opposing the motion, and for reargument of his motion to strike the action from the trial calendar, which was denied by order of the same court dated October 7, 1998.

Ordered that the judgment is reversed insofar as appealed from, on the law, and the complaint is dismissed insofar as it is asserted against the appellant; and it is further,

Ordered that the appeal from the order is dismissed as academic, in light of our determination on the appeal from the judgment; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff was awarded $17,500 based upon the Referee's determination after an inquest that she incurred a fracture as a result of the subject accident and underwent two months of medical treatment. In the absence of any medical testimony or records, that determination was pure speculation (*see, Cole v New York Racing Assn.,* 24 AD2d 993, *affd* 17 NY2d 761). Not only did the plaintiff fail to establish the existence of a fracture by competent medical proof, she also failed to establish by competent medical proof that her injuries were caused by the accident (*see, Wood v Hein Trucking Corp.,* 115 AD2d 181). Since the plaintiff did not establish that she suffered any damages, the complaint must be dismissed insofar as asserted against the appellant.

The appellant's remaining contentions need not be addressed in light of our determination. Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.