■ JERZY KAMINSKI, Appellant, v MODERN ITALIAN BAKERY OF WEST BABYLON et al., Respondents. [724 NYS2d 177] —In an

action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 5, 2000, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff, while lying unconscious in an alley, was injured when he was run over by a truck driven by the defendant Michael Cabales (hereinafter Cabales), and owned by the defendant Modern Italian Bakery of West Babylon, Inc. The plaintiff commenced this action in 1993 and filed a note of issue on July 19, 1995. After a trial in October 1998, the jury returned a verdict in the defendants' favor. Thereafter the plaintiff appealed, and this Court vacated the judgment as against the weight of the evidence and granted a new trial (*see, Kaminski v Modern Italian Bakery,* 270 AD2d 232). In July 2000 the plaintiff moved for summary judgment on the issue of liability.

The Supreme Court properly concluded that the motion was time-barred since it was made significantly later than 120 days after January 1, 1997, the effective date of the amendment to CPLR 3212 (a) (*see, Stransky v Tannenbaum,* 262 AD2d 301).

Moreover, the plaintiff failed to demonstrate good cause for the delay, which is necessary before a court may consider an untimely motion for summary judgment (*see, Clifford v Harrow Stores,* 274 AD2d 370; *Olzaski v Locust Val. Cent. School Dist.,* 256 AD2d 320). Contrary to the plaintiff's contention, he was not justified in waiting until after trial to move for summary judgment on the ground that the evidence upon which the motion was based became available only after the trial had concluded. In his motion, the plaintiff contends that the defendants were liable because Cabales failed to see what should have been seen. This argument could have been made prior to trial since Cabales, the only witness to the accident, testified at both his examination before trial and at trial that he did not see anything in the alley before his vehicle struck the plaintiff.

In any event, even if the plaintiff's motion were to be considered on the merits, under the unusual procedural circumstances of this case, the denial of the motion was proper (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nunziata v Birchell,* 238 AD2d 555). Santucci, J. P., Altman, Florio and Luciano, JJ., concur.