■ WAYNE R. BRAUNSDORF et al., Respondents-Appellants, v CHARLES J. HAYWOOD, Appellant-Respondent. [743 NYS2d 623] —Rose, J. Appeals (1) from a judgment of the Supreme Court (Moynihan, Jr., J.), entered December 13, 2000 in Washington County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered April 6, 2001 in Washington

County, which, inter alia, granted plaintiffs' motion to set aside the verdict.

While turkey hunting, plaintiff Wayne R. Braunsdorf was injured when he was shot by defendant, another turkey hunter. Defendant was charged with a felony in connection with the incident, and he pleaded guilty to a reduced charge of reckless endangerment in the second degree in exchange for a sentence that did not include imprisonment. Later, plaintiff and his wife, derivatively, commenced this negligence action and, when plaintiffs presented evidence of defendant's criminal conviction to the trial jury, defendant testified in explanation of his decision to plead guilty. Finding that defendant was not negligent, the jury returned a verdict in his favor. Plaintiffs filed a notice of appeal from the judgment and also moved to set aside the verdict pursuant to CPLR 4404 (a), asserting, for the first time, that defendant's criminal conviction precluded relitigation of the issue of his negligence. Finding the motion to be an untimely request for summary judgment, Supreme Court nonetheless excused the delay, applied the doctrine of collateral estoppel, set aside the jury verdict and granted plaintiffs summary judgment on the issue of liability. Defendant appeals from this order.

"[I]n appropriate situations, an issue decided in a criminal proceeding may be given preclusive effect in a subsequent civil action" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664; *see, Pahl v Grenier*, 279 AD2d 882, 883). Our review of the record here, however, reveals no instance, whether in pleading, pretrial motion or at trial, where plaintiffs asserted that the issue of defendant's negligence in causing plaintiff's injuries had been conclusively determined in a prior judicial proceeding. Rather, plaintiffs acquiesced in the jury's adjudication of that issue by presenting evidence of the conviction as an admission against interest only. As a result, the issue of defendant's negligence was newly adjudicated, and plaintiffs thus waived their right to have the doctrine of collateral estoppel applied against defendant (*see, Amoco Oil Co. v Lucadamo & Sons*, 260 AD2d 516, 516-517; *Syrkett v Burden*, 176 AD2d 938, 939-940). Similarly, when asserted defensively, the doctrine constitutes an affirmative defense that is waived by a party's failure to plead it or to timely move to dismiss on that ground (*see,* CPLR 3018 [b]; *see also, Ouyang v Jeng*, 260 AD2d 618, 619-620; *Stemmer v Stemmer*, 182 AD2d 1120, 1121). Here, the doctrine was erroneously employed to redecide an issue previously disposed of by the jury, rather than to prevent relitigation of a previously adjudicated issue. It is implicit in

the doctrine of collateral estoppel that, to prevent relitigation, the earlier adjudication must be asserted as controlling prior to the subsequent adjudication. Moreover, to the extent the motion was, in essence, one for summary judgment, it was untimely and Supreme Court abused its discretion in entertaining it in the absence of any excuse for plaintiffs' delay (see, CPLR 3212 [a]; see also, Kaminski v Modern Italian Bakery of W. Babylon, 282 AD2d 652). Accordingly, plaintiffs' motion should have been denied and we reverse Supreme Court's postjudgment order, thereby reinstating the judgment in defendant's favor.

We turn next to plaintiffs' appeal of the reinstated judgment (see, Geloso v Monster, 289 AD2d 746, 747, lv denied 98 NY2d 601). Plaintiffs contend that it should be reversed and a new trial ordered because Supreme Court erred in instructing the jury regarding plaintiff's assumption of the risk. We find any error in this instruction to be harmless, however, because the jury, having first found defendant not to have been negligent, never reached the issue of plaintiff's comparative fault (see, Dutcher v Fetcher, 183 AD2d 1052, 1054-1055, lv denied 80 NY2d 761; Spier v Barker, 42 AD2d 428, 431, affd 35 NY2d 444).

Finally, plaintiffs contend that Supreme Court erred in precluding evidence consisting of defendant's admissions that he had previously sustained injuries to his left eye and ear. While Supreme Court initially indicated that this evidence was being excluded because defendant's medical condition had not been put in issue, the court ultimately ruled that such evidence was irrelevant to plaintiffs' allegations of negligence. Noting that defendant sighted his gun with his unimpaired right eye and that plaintiffs' negligence claim rested on defendant's admitted failure to see or hear plaintiff before discharging his gun, Supreme Court concluded that evidence of his impaired sight and hearing would not tend to establish plaintiffs' cause of action. Given the facts of this case, we find the error, if any, to be harmless since "[r]eversal is required only when the excluded matter would have had a substantial influence in bringing about a different verdict" (Khan v Galvin, 206 AD2d 776, 777, citing Dizak v State of New York, 124 AD2d 329, 330; see, Brown v County of Albany, 271 AD2d 819, 820, lv denied 95 NY2d 767). In reaching its verdict based on the court's instructions and the evidence of plaintiff's intentional concealment in full camouflage, the jury necessarily found that a reasonably prudent person with unimpaired senses in defendant's position would not have been aware of plaintiff's presence.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, and motion denied. Ordered that the judgment is affirmed, with costs.