■ RAFFAELE CIOCCA et al., Appellants, v SANG K. PARK et al., Respondents. [799 NYS2d 677]—

Peters, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered October 22, 2004 in Clinton County, which granted defendants' motion for a directed verdict at the close of plaintiffs' case.

On October 27, 2002, plaintiff Raffaele Ciocca (hereinafter plaintiff), a resident of Canada, was struck at an intersection while traveling north on the Taconic Parkway by a vehicle

driven by defendant Lang-Kyoo Park (hereinafter defendant). Refusing medical help at the scene, plaintiff was examined the following day by his physician in Canada, Hian Lam Po Yuen (hereinafter Lam). Plaintiff contends that he told Lam about the accident and had complained of pain in his neck, arms and legs. Plaintiff was 65 years old at the time and was employed in the construction field. Lam prescribed Advil and plaintiff ultimately returned to work on less physically demanding projects. With the pain not improving, plaintiff went back to Lam in December 2002, complaining of limited motion in his right arm. Lam referred him to John Sutton, an orthopedic surgeon, who examined him in April 2003. Sutton diagnosed a torn right rotator cuff in addition to a torn right bicep muscle. Plaintiffs thereafter commenced this personal injury action and the case proceeded to trial. At the close of plaintiffs' proof, defendants moved for a directed verdict. Supreme Court granted the motion upon finding that plaintiffs failed to offer any objective medical evidence that the car accident caused plaintiff's injuries. Plaintiffs appeal, and we affirm.

A directed verdict is warranted when, "upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Calafiore v Kiley*, 303 AD2d 816, 816-817 [2003]; *Cross v Finch Pruyn & Co.*, 281 AD2d 836, 836 [2001]). In considering such motion, "the moving party has the burden of showing that, upon viewing the evidence in the light most favorable to the plaintiff and affording the plaintiff the benefit of every inference . . . the plaintiff has not made out a prima facie case" (*Holy Temple First Church of God in Christ v City of Hudson*, 17 AD3d 947, 947 [2005]).

Focusing on the issue of causation, plaintiff proffered his own testimony and that of Sutton, whose testimony was based upon plaintiff's subjective statements, X rays and an MRI. Sutton testified that it was impossible to tell from the X rays, which he viewed in his office, whether the car accident caused plaintiff's injuries. To the extent that plaintiffs contend that Sutton should have been permitted to rely upon Lam's records, written in both English and French, to testify as to the issue of causation, plaintiffs' own counsel agreed, during trial, that Sutton would only use those records written in English. To the extent that plaintiffs contend that it was error to preclude Sutton from testifying about plaintiff's MRI and X rays, Sutton did testify regarding his office review of the X rays,[*] and the testimony about the MRI was properly excluded because Sutton exclusively

---

[*] Plaintiffs never proffered the X rays at trial.

relied upon the radiologist's report, "not merely [as] a link in the chain of data" (*Borden v Brady*, 92 AD2d 983, 984 [1983]), but rather as the entire foundation for his opinion (*see Brown v County of Albany*, 271 AD2d 819, 821 [2000], *lv denied* 95 NY2d 767 [2000]). Nor do we find that the testimony of Mark Bucksbaum, board certified in physical medicine and rehabilitation, cured the causative lapse since he examined plaintiff approximately five weeks before trial and prepared a report based upon an MRI which was taken approximately nine months after the accident (*see Pommells v Perez*, 4 NY3d 566, 573-574 [2005]).

With plaintiffs failing to submit even a scintilla of objective medical evidence on the issue of causation, and with no contention of error raised upon appeal sufficient, even if valid, to cure the lack of causative proof, Supreme Court properly granted defendants' motion for a directed verdict (*see Holy Temple First Church of God in Christ v City of Hudson, supra* at 948; *Franchini v Palmieri*, 307 AD2d 1056, 1057-1058 [2003], *affd* 1 NY3d 536 [2003]; *Brown v County of Albany, supra* at 821; *Broderick v Spaeth*, 241 AD2d 898, 901 [1997], *lv denied* 91 NY2d 805 [1998]; *Wood v Hein Trucking Corp.*, 115 AD2d 181, 183 [1985]).

Mercure, J.P., Crew III, J., concur.

Lahtinen, J. (dissenting). We respectfully dissent. We are not persuaded that plaintiffs' proof was so devoid of merit as to justify summary dismissal. The medical proof established that plaintiff Raffaele Ciocca (hereinafter plaintiff) had a large tear in his right rotator cuff and a ruptured bicep that significantly limited the use of his right arm. The crux of the dispute was whether plaintiff suffered this condition as a result of trauma (i.e., the October 2002 accident) or whether it was a degenerative condition. Plaintiff testified that, prior to the accident, he had no problems with the arm and was able to actively participate in his construction business. At trial, he testified that following the accident, he could not lift his right arm and was no longer able to perform certain work that he was able to perform prior to the accident. Plaintiff sought medical treatment the day following the accident and, when his primary care physician was unable to adequately address his symptoms after five months, he sent plaintiff to John Sutton, a surgeon with extensive experience in treating rotator cuff injuries.

Sutton performed a comprehensive exam of plaintiff's right shoulder, made a clinical finding that plaintiff had a torn rotator cuff and ordered an MRI to confirm that finding and to further define the nature of the injury to properly chart a course of treatment. While Sutton testified at trial that the precise date

of injury could not be determined merely from viewing an MRI or X ray, such diagnostic tools together with the history related by plaintiff led Sutton to opine that plaintiff "incurred . . . an acute large tear of the rotator cuff and biceps tendon secondary to the accident [i]n October." Use of a patient's history in conjunction with objective medical proof can suffice to send a serious injury issue to a jury (*see Orsenigo v Burnstein*, 202 AD2d 561 [1994]; *see also Balanta v Stanlaine Taxi Corp.*, 307 AD2d 1017, 1018 [2003]; *Countermine v Galka*, 189 AD2d 1043, 1045-1046 [1993]). Additionally, Mark Bucksbaum (plaintiffs' retained expert) opined upon cross-examination that the onset of plaintiff's torn rotator cuff was consistent with the date of the car accident and did not predate the accident. The opinion of defendants' expert that plaintiff's condition was degenerative places the credibility of the experts squarely in question and that question should have been submitted to the jury (*see Countermine v Galka, supra* at 1046). Likewise, the jury should have had the opportunity to assess and determine the probative value of plaintiff's testimony which was the subject of a vigorous cross-examination.

To be sure, the evidence was presented in a disjointed fashion, somewhat complicated because treatment occurred in Canada, some medical records were in French and plaintiffs' questionable trial strategy of not calling the investigating police officer, the emergency medical personnel that treated plaintiff at the scene, his brother who saw him five hours after the accident or the doctor that treated him the day after the accident. Nevertheless, the jury should have been allowed to sort out and weigh the proferred evidence especially where, as here, all of the direct proof on both sides was complete and the charge conference had been held (*see Jacino v Sugerman*, 10 AD3d 593, 594-595 [2004]; *Austin v Consilvio*, 295 AD2d 244, 246 [2002]; *Rosario v City of New York*, 157 AD2d 467, 472 [1990]). We would reverse and remit for a new trial.

Kane, J., concurs. Ordered that the judgment is affirmed, without costs.