ESMERALDA ANDERSON, Respondent, v DENISE DAINACK et al., Appellants. [834 NYS2d 564]—

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Peters, J.P. Appeal from a judgment of the Supreme Court (Sackett, J.), entered January 24, 2006 in Sullivan County, upon a verdict rendered in favor of plaintiff.

In December 2001, plaintiff was at the end of an exit ramp from Route 17 in Sullivan County when she was struck from behind by a vehicle driven by defendant Denise Dainack. Plaintiff experienced pain in her lower back and neck the following day, and reported first to the emergency room and then to her family physician. Over the course of the next few months, the pain continued, warranting her referral to physical therapy and a pain center. When plaintiff's pain persisted, she treated with a neurologist in January and February 2003 and with Paul Sinew, a chiropractor, between May 2003 and December 2003.

Plaintiff commenced this action in October 2004, claiming a serious injury under Insurance Law § 5102 (d). Summary judgment was awarded to her on the issue of liability, warranting a trial on the issues of injury and damages. The jury determined that plaintiff had not sustained a significant limitation of use of a body function or system, but had suffered a permanent consequential limitation of the use of a body organ or member, resulting in an award for both past and future pain and suffering in the amount of $85,000. Defendant appeals.

Supreme Court's preclusion of photographs and testimony concerning the condition of the vehicles after the accident due to possible prejudice by the jury against plaintiff was within its discretionary authority (*see Saulpaugh v Krafte*, 5 AD3d 934, 934-935 [2004], *lv denied* 3 NY3d 610 [2004]). However, we have stated that even when liability is not at issue, "proof as to the happening of an accident is probative and admissible as it describes the force of an impact or other incident that would help in determining the nature or extent of injuries and thus relate to the question of damages" (*Rodriguez v Zampella*, 42 AD2d 805, 806 [1973]; *see also Homsey v Castellana*, 289 AD2d 201, 201 [2001]). While we would encourage a trial court to allow such photographs and testimony and then instruct the jury that the absence of damage would not preclude the possibility that plaintiff sustained an injury, where, as here, defendants were permitted to elicit testimony that the vehicles were a very short distance apart—between one and eight feet—and that defendant's car slowly rolled into plaintiff's car, we find no error (*see* CPLR 2002; *Brown v County of Albany*, 271 AD2d 819, 820 [2000], *lv denied* 95 NY2d 767 [2000]; *Khan v Galvin*, 206 AD2d 776, 777 [1994]).

Next addressing Supreme Court's ruling that prevented

defendant's expert from testifying about an independent medical exam (hereinafter IME) report completed by a physician hired by plaintiff who was not going to testify at trial, it has been held that such expert may be permitted to rely upon otherwise inadmissible hearsay evidence (*see People v Goldstein*, 6 NY3d 119, 124-125 [2005], *cert denied* 547 US —, 126 S Ct 2293 [2006]; *Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726 [1984]) if the evidence is deemed reliable "as a basis for [such] expert opinion in the given field" (*People v Wlasiuk*, 32 AD3d 674, 681 [2006], *lv dismissed* 7 NY3d 871 [2006]). Yet, such evidence "may not be the 'principal basis' for an opinion on the ultimate issue in the case, and may only form a link in the chain of data which led the expert to his or her opinion" (*id.*, quoting *Borden v Brady*, 92 AD2d 983, 984 [1983]; *see Hinlicky v Dreyfuss*, 6 NY3d 636, 645-646 [2006]).

Here, defendants' expert conducted his own examination of plaintiff and reviewed a number of plaintiff's medical records beyond the disputed IME. For this reason, he had a sufficient basis for his opinion of which the disputed IME was but "a link in the chain of data upon which [he could have] relied" (*Borden v Brady, supra* at 984; *see Ciocca v Park*, 21 AD3d 671, 672-673 [2005], *affd* 5 NY3d 835 [2005]). Finding that this error would not have substantially influenced the outcome of the trial (*see* CPLR 2002; *Braunsdorf v Haywood*, 295 AD2d 731, 733 [2002]; *Brown v County of Albany, supra* at 820; *Khan v Galvin, supra* at 777), we next review whether the jury's determination was amply supported by the evidence.

While we fail to find any merit to defendants' contention that plaintiff did not prove that she sustained a serious injury under Insurance Law § 5102 (d)[1] since there was sufficient objective evidence, including range of motion tests quantitatively demonstrating the severity of plaintiff's injuries (*see Pommells v Perez*, 4 NY3d 566, 567 [2005]) to support both the expert testimony and the jury's verdict (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-358 [2002]; *Pianka v Pereira*, 24 AD3d 1084, 1085-1086 [2005]; *Martin v Fitzpatrick*, 19 AD3d 954, 956-957 [2005]), we are constrained to reverse based upon errors in Supreme Court's charge to the jury. Supreme Court charged the jury regarding the aggravation of a preexisting injury and the increased susceptibility to injury based upon testimony that plaintiff suffered from spinal stenosis before the accident. It is

---

1. Defendants' challenge to the jury instruction regarding a permanent consequential limitation of use of a body organ or member was unpreserved for our review (*see Postlethwaite v United Health Servs. Hosps.*, 5 AD3d 892, 894 [2004]).

settled that damages may be recovered if such theories are "specially pleaded and proved" (*De Mento v Nehi Beverages*, 55 AD2d 794, 795 [1976]; *see Ogunti v Hellman*, 281 AD2d 404, 405 [2001]; *Ruggiero v Banner Glass & Mirror Corp.*, 232 AD2d 395, 396 [1996]; *Behan v Data Probe Intl.*, 213 AD2d 439, 440 [1995]).[2] Here, however, plaintiff neither asserted an aggravation of a preexisting injury or an increased susceptibility to injury in her complaint, bill of particulars, or amended bill of particulars.

We recognize that "a variance between the pleadings and the proof 'may be disregarded unless it can be said to have misled an adversary and occasioned prejudice' " (*Hummel v Vicaretti*, 152 AD2d 779, 780 [1989], *lv dismissed* 75 NY2d 809 [1990], quoting *Sharkey v Locust Val. Mar.*, 96 AD2d 1093, 1094 [1983], *appeal dismissed* 61 NY2d 669 [1983]). Here, however, only defendants raised the issue in their cross-examination of plaintiff's expert for the purpose of undermining plaintiff's theory of the accident. While this approach has been permitted by the Fourth Department (*see Mazurek v Home Depot U.S.A.*, 303 AD2d 960, 961 [2003]; *Martin v Volvo Cars of N. Am.*, 241 AD2d 941, 943 [1997]), we have not adopted it when there is a wholesale failure by the plaintiff to plead and prove that theory. For this reason, it was error for Supreme Court to have instructed the jury on these theories. Finding such error to have prejudiced a substantial right of defendants (*see* CPLR 2002), we reverse.

Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial on the issue of injury and damages, with costs to abide the event.

---

**2.** When neither condition has been met, this Court has phrased the standard in the disjunctive (*see Schou v Whiteley*, 9 AD3d 706, 709 [2004]; *Johnson v Grant*, 3 AD3d 720, 721 [2004]).