■ JOSEPH W. WALL et al., Respondents, v JOSHUA A. SHEPARD, Appellant. [860 NYS2d 375]—

Appeal from a judgment of the Supreme Court, Onondaga County (James P. Murphy, J.), entered May 30, 2007 in a personal injury action. The judgment, after a jury trial, awarded plaintiffs damages.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Joseph W. Wall (plaintiff) when a vehicle driven by defendant collided with the vehicle driven by plaintiff. Defendant appeals from an order denying his post-trial motion to set aside the jury verdict rendered in favor of plaintiffs and for a new trial in the interest of justice. We note at the outset that, although that order was subsumed in the judgment (*see Matter of Amherst Med. Park, Inc. v Amherst Orthopedics, P.C.*, 31 AD3d 1131, 1132 [2006]), we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

Defendant failed to preserve for our review his contention in his post-trial motion that Supreme Court erred in allowing plaintiffs to present certain expert testimony based on the lack of a proper foundation for that testimony inasmuch as "defendant did not object to the admissibility of the testimony of the plaintiffs' expert[s] until after that testimony was completed and the plaintiffs had rested" (*Koplick v Lieberman*, 270 AD2d 460, 460 [2000]; *see* CPLR 4017, 5501 [a] [3]; *Taylor-Gove v St. Joseph's Hosp. Health Ctr.*, 242 AD2d 879 [1997], *lv denied* 91 NY2d 805 [1998]). Defendant also contended in his post-trial

motion that he was denied the right to cross-examine plaintiff because, although plaintiff did not in fact testify at trial, he "effectively testified" with respect to the cause of his injuries by calling several medical witnesses. Defendant raised that contention for the first time in his post-trial motion, however, and thus also failed to preserve it for our review (*see Lahren v Boehmer Transp. Corp.*, 49 AD3d 1186, 1188 [2008]).

We reject the contention of defendant that the court abused its discretion in limiting his use of photographs of the postaccident condition of the parties' vehicles in order to elicit testimony with respect to the nature and extent of plaintiff's alleged injuries. We conclude that the court did not abuse its discretion under the circumstances of this case, inasmuch as defendant was permitted to elicit testimony concerning the circumstances surrounding the motor vehicle accident (*see Anderson v Dainack*, 39 AD3d 1065, 1066 [2007]). Defendant further contends that the court erred in denying his motion to preclude the testimony of a physician who examined plaintiff based on plaintiffs' failure to submit an expert disclosure for that physician pursuant to CPLR 3101 (d). We reject that contention. "[T]here is no evidence of an intentional or willful failure to disclose by [plaintiffs], nor did [defendant] establish that he was prejudiced by [plaintiffs'] failure to comply with CPLR 3101 (d)" (*Tronolone v Praxair, Inc.*, 39 AD3d 1146, 1147 [2007]).

Finally, we note that defendant's contention that the verdict should be set aside because it is a product of "jury confusion" is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.