◼ Eric J. Bednarz, Respondent, v Inn On Bridges Street, Inc., Doing Business as Narrowsburg Inn, et al., Appellants. [891 NYS2d 207]—

Kane, J.

Plaintiff was injured when he slipped and fell on property owned and operated by defendants. At a trial addressing dam-

ages, his medical expert testified that plaintiff suffered from a separated coccyx and complex regional pain syndrome. After the jury awarded damages for past pain and suffering, defendants moved to set aside the verdict, arguing that the expert's opinion should have been excluded. Supreme Court denied the motion, prompting defendants' appeal.

Supreme Court did not err in permitting plaintiff's medical expert to testify. "To be properly admitted, expert opinion evidence must generally be based upon facts either found in the record, personally known to the witness, derived from a 'professionally reliable' source or from a witness subject to cross-examination" (*Brown v County of Albany*, 271 AD2d 819, 820 [2000], *lv denied* 95 NY2d 767 [2000]; *see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726 [1984]). The expert's testimony diagnosing the coccyx injury was based upon his reading of X rays taken shortly after the accident, which X rays were admitted into evidence. This objective evidence, coupled with information garnered from his years of treating plaintiff, sufficiently supported the expert's opinion on causation (*see O'Brien v Mbugua*, 49 AD3d 937, 939 [2008]; *Brown v County of Albany*, 271 AD2d at 820-821). As the expert's opinion was admissible, the court properly denied defendants' motion to set aside the verdict.

Peters, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.