■ JULIE J. MANCUSO, Appellant, v TODD B. KOCH, M.D., Respondent (Appeal No. 1.) [902 NYS2d 464]—Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered March 5, 2009 in a medical malpractice action. The order denied the motion of plaintiff to set aside the jury verdict and for a new trial.

Appeal from a judgment of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered March 24, 2009 in a medical malpractice action. The judgment dismissed the complaint upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages arising from a surgical procedure performed by defendant to repair a spiral fracture of a metacarpal bone in her left hand. It is undisputed that the bone did not heal properly following the procedure, resulting in malunion such that plaintiff's middle finger crossed over plaintiff's ring finger upon flexion. Plaintiff contended at trial that defendant was negligent in performing the surgery and in failing thereafter to perform corrective surgery. She now appeals from a judgment dismissing the complaint upon a jury verdict in defendant's favor.

We reject at the outset the contention of plaintiff that Supreme Court committed reversible error by refusing to allow her to present evidence concerning defendant's alleged failure to inform her following the initial surgery of the option of having further corrective surgery. As the court properly determined, plaintiff was "precluded from adducing any evidence at trial with respect thereto" (*Jones v LeFrance Leasing Ltd. Partnership*, 61 AD3d 824, 825 [2009]), based on her failure to include that theory of negligence in her bill of particulars. In any event, the court allowed plaintiff to present evidence concerning defendant's alleged failure to provide proper follow-up care, and the record establishes that there was extensive testimony on the issue whether defendant discussed further surgical intervention. Thus, even assuming, arguendo, that the court erred in refusing to allow plaintiff to present evidence concerning defendant's alleged failure to inform her of the option of further corrective surgery, we conclude that reversal is not warranted based on that alleged error. There is no possibility that " 'the excluded matter would have had a substantial influence in bringing about a different verdict' " (*Brown v County of Albany*, 271 AD2d 819, 820 [2000], *lv denied* 95 NY2d 767 [2000]; *see generally Wall v Shepard*, 53 AD3d 1050, 1051 [2008]).

Plaintiff failed to preserve for our review her further contention that the court erred in limiting her presentation of evidence concerning the alleged misrepresentation of the educational credentials of defendant's expert. In any event, the record

establishes that plaintiff's counsel had a full opportunity to cross-examine the expert concerning his educational background and the alleged misrepresentations, and thus any further proof on the issue would have been cumulative (*see Shafran v St. Vincent's Hosp. & Med. Ctr.*, 264 AD2d 553, 555-556 [1999]).

Plaintiff further contends that the court demonstrated bias in favor of defendant when the court itself questioned defendant's expert concerning the risks associated with plaintiff's surgery. According to plaintiff, the court thereby indicated to the jury that the malunion experienced by plaintiff is an accepted risk of the surgery. Although we note that the court could have crafted the wording of its question in a more neutral manner, it cannot be said that the court overstepped its "broad authority to[, inter alia,] elicit and clarify testimony . . . when necessary" (*Carlson v Porter* [appeal No. 2], 53 AD3d 1129, 1132 [2008], *lv denied* 11 NY3d 708 [2008] [internal quotation marks omitted]; *see Hemmerling v Barnes* [appeal No. 2], 269 AD2d 752 [2000]). Moreover, any possible prejudice was minimal inasmuch as plaintiff's own expert agreed that the malunion was a risk of the surgery. In this case, the jury was properly charged with the issue whether the malunion was the result of either defendant's negligence or the risks associated with the surgical procedure in question in the absence of negligence.

Contrary to plaintiff's contention, the court did not abuse its discretion in providing the jury with a general verdict sheet (*see Johnson v Artkraft Strauss Sign Corp.*, 45 AD2d 482, 483 [1974]). Also contrary to plaintiff's contentions, the court properly allowed defendant to testify concerning his habit of checking for malunion during surgery of the type performed on plaintiff, and the court properly included a habit instruction in its jury charge. Defendant testified that he had performed approximately 3,000 hand surgeries and that he is "very obsessive" about checking for malunion during surgery of that nature. That testimony was sufficient to demonstrate the requisite "deliberate repetitive practice" that serves as a proper foundation for the admission thereof (*Halloran v Virginia Chems.*, 41 NY2d 386, 392 [1977]).

We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.