MARIE E. ADAIR, Appellant, v JANET L. TULLY-KUZMAN et al., Respondents. [936 NYS2d 785]—

McCarthy, J.

Supreme Court did not err in sustaining defendants' objection to the physician's response to the question at issue. Trial courts have discretion regarding the admissibility of expert testimony on any particular point (*see De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *Brown v Reinauer Transp. Cos., LLC*, 67 AD3d 106, 114 [2009], *lv dismissed and denied* 14 NY3d

823 [2010], *cert denied* 564 US —, 131 S Ct 3088 [2011]). An expert's opinion must generally be based on facts found in the record or personally known to the witness (*see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725-726 [1984]; *Bednarz v Inn On Bridges St., Inc.*, 68 AD3d 1411, 1412 [2009]). Here, plaintiff, her husband and one defendant testified prior to the physician, but none of them provided any medical proof. None of the admitted medical records established that plaintiff suffered damage to her lymph nodes as a result of the accident. The testifying physician did not examine plaintiff until several months after the accident, and he did not testify that he personally observed anything that linked plaintiff's alleged lymph node damage to the accident. Inasmuch as the record did not contain any evidence that plaintiff suffered injuries to her lymph nodes as a result of the accident, Supreme Court did not abuse its discretion in sustaining defendants' objection to the one question at issue on appeal (*see Brown v Reinauer Transp. Cos., LLC*, 67 AD3d at 114; *compare Pascuzzi v CCI Cos.*, 292 AD2d 685, 686 [2002]).

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, with costs.