█ ROSA DONOSO, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [988 NYS2d 139]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered April 2, 2013, upon a jury verdict, in plaintiff's favor, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff claims that she suffered permanent consequential and significant limitations of use of her lumbar spine as a result of an accident involving a motor vehicle (*see* Insurance Law § 5102 [d]). At trial, she testified that she was knocked over by a car and thereafter suffered back pain and injuries for which she received physical therapy and epidural injections, and that she underwent surgery four years later. Ambulance and emergency room records admitted into evidence show that the then 65-year-old plaintiff complained of back pain following the accident, and medical records of the treatment about which plaintiff testified show, inter alia, that the surgical procedure was a laminectomy to address spinal stenosis. Plaintiff did not call any treating physician or medical expert to testify.

Defendant moved for a directed verdict at the close of plaintiff's evidence, arguing that plaintiff could not prove causation without a doctor's testimony (*see* CPLR 4401). Contrary to plaintiff's contention, since defendant's argument constituted a challenge to the sufficiency of the evidence, and indeed plaintiff opposed defendant's motion on the ground that her medical records were sufficient, the issue whether plaintiff established prima facie that she suffered a serious injury causally related to the motor vehicle accident is preserved for review (*see Geraci v Probst*, 15 NY3d 336, 342 [2010]).

Plaintiff presented no evidence of a causal connection between the motor vehicle accident and her lumbar condition. The medical records do not contain an opinion given by a physician that there was a causal connection between the accident and plaintiff's disc herniation or the spinal stenosis for which she underwent surgery four years later. Indeed, the impression of one of plaintiff's treating physicians, according to his medical records, was "[d]egenerative disc disease of the lumbar spine." However, if the records had contained an opinion, the trial court could not have considered them, because the opining physician was not available for cross-examination (*see Rickert v Diaz*, 112 AD3d 451 [1st Dept 2013]; *Daniels v Simon*, 99 AD3d 658, 660 [2d Dept 2012]). Thus, defendant was correct that plaintiff could not prove causation without a doctor's testimony, and its mo-

tion should have been granted because "there [was] no rational process by which the fact trier could base a finding in favor of [plaintiff]" (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see e.g. Ciocca v Park*, 21 AD3d 671 [3d Dept 2005], *affd* 5 NY3d 835 [2005]). Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.