■ JOSIAH QUINN, as Administrator of the Estate of LONNIE L. QUINN, Deceased, Respondent, v COUNTY OF SULLIVAN, Appellant, and ROBERT E. LUBEN, Respondent.—Appeal from an amended judgment of the Supreme Court, entered August 27, 1974 in Sullivan County, in favor of the plaintiff against the defendant County of Sullivan and in favor of the defendant Luben as against the plaintiff. This is an action for wrongful death of decedent, age 14, brought by her father, as administrator, against the County of Sullivan and Robert E. Luben. On February 2, 1973, at about 7:45 P.M. decedent, in the company of her younger brother and a girl friend, was walking southerly on the westerly side of a viaduct comprising a part of New York State Route 97 in Callicoon, Sullivan County. While so walking she was struck and killed by an automobile owned and being operated by defendant Luben in a southerly direction on Route 97. The complaint alleges that the accident occurred as a result of the negligence of both defendants. After a trial, the jury returned a verdict of $76,860 in favor of plaintiff against defendant county and of no cause of action in favor of defendant Luben. Defendant county moved to set aside the verdict on the grounds that, as to defendant Luben, it was against the weight of the evidence, and as to the plaintiff, decedent was guilty of contributory negligence as a matter of law. Both motions were denied. The court, however, granted the county's motion to set aside the verdict against it on the ground it was excessive, unless the plaintiff stipulate to a reduction to $51,860. Defendant county appealed all three rulings. An examination of the record demonstrates there was sufficient proof to justify a finding by the jury of negligence on the part of the county for failing in its duty to clear the sidewalks of snow, thereby necessitating decedent's having to walk in the highway where she met her death. There is also proof in the record to establish that the night was dark; that it was raining and foggy and the visibility was poor; and that the decedent and her two companions were wearing dark clothing. Consequently, the jury could conclude from these facts and circumstances that defendant Luben was not operating his vehicle in a negligent manner when he failed to see decedent or the other two children before the impact. As to contributory negligence on the part of decedent, the fact that she was walking with traffic instead of against it, as required by subdivision (b) of section 1156 of the Vehicle and Traffic Law, did not constitute negligence as a matter of law. The court properly charged the jury that it could take into consideration the age, experience and intelligence of the decedent in determining whether she had, or lacked, the mental capacity to understand the meaning of the statute. This presented a question of fact, as did the issues of proximate cause, negligence and contributory negligence, all of which were implicitly resolved by the jury in favor of decedent and defendant Luben and against the county. Considering the record in its entirety, it is our view that the determination should not be disturbed. Finally, on the question of excessiveness, the trial court, in its discretion, determined that the verdict should be reduced to $51,860. We should not interfere with this decision unless we are of the opinion that it is unreasonable. (Hussey v Oneida Motor Freight, 30 AD2d 741; Mann v Hunt, 283 App Div 140.) The record establishes that decedent's father was 51 years of age and her mother, 41; that decedent was an extremely intelligent girl with a high average in her school subjects; and that she performed chores on her father's farm. Considering the present value of the dollar, we are unable to conclude that the award as reduced by the court is excessive or

that its decision was unreasonable. We have examined all other issues raised by the parties and are of the opinion that the amended judgment should be affirmed in all respects. Amended judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.