■ MARTIN EGAN, JR., an Infant, by MARTIN EGAN, SR., His Father, et al., Respondents, v VICTOR TAMBONE, Appellant. — In a negligence action, *inter alia,* to recover damages for personal injuries sustained by the infant plaintiff, defendant appeals from an interlocutory judgment of the Supreme Court, Richmond County, entered November 20, 1979, upon a jury verdict in favor of plaintiffs following a trial limited to the issue of liability. Interlocutory judgment affirmed, without costs or disbursements. The question of an infant's contributory negligence is ordinarily one for the jury, upon consideration of the evidence and an evaluation of the child's age, experience and intelligence *(Quinn v County of Sullivan,* 48 AD2d 965; accord *Robinson v City of New York,* 50 AD2d 915). We see no basis for disturbing the jury's resolution of the question in favor of the plaintiffs. Gibbons, J.P., O'Connor and Weinstein, JJ., concur.

Thompson, J., dissents and votes to reverse the interlocutory judgment and dismiss the complaint, with the following memorandum: On August 24, 1974, at 6:30 P.M., while the evening was still bright and light, the nine-year-old infant plaintiff (birthdate Dec. 14, 1964) was playing kickball with his two younger brothers in front of his house on Staten Island. The game involved kicking a ball from one side of the street, running across the street to touch a tree just beside the curb (used as a base), and returning across the street to the kicking place before being tagged out by a fielder with the ball. The infant plaintiff (hereafter plaintiff) had kicked the ball, run across the street to the tree and was on his return run when he and the defendant's automobile collided. Plaintiff testified that he looked neither to the right nor to the left before he ran into the street, and that he ran from in front of a car parked just behind the tree. The defendant driver testified that his wife had picked him up at the ferry and they were returning home. His wife was seated beside him. They live on the same street where the accident occurred, but on the next block. The defendant had traveled the street daily for a year. He made a left turn onto the street and saw a child on the sidewalk on the left hand side of the street. He was going no more

than 5 or 10 miles per hour, because he knew that children play on the block. Suddenly a child hit the car on the right hand side; the child's elbow shattered the right side of the windshield and broke the antenna by the right front door. The defendant stopped the car. The evidence was conflicting as to whether the car stopped 5 feet or 40 feet ahead of the parked car. Although the question of an infant's contributory negligence is ordinarily one for the jury, it is my view that the only inference to be drawn from the proof in the present case is that the plaintiff was contributorily negligent. (The accident occurred before the effective date of the comparative negligence statute, CPLR 1411.) Plaintiff was using the roadway as a playground as though no cars ever used the street, despite his testimony that he knew that the cars did use the thoroughfare. He did not look to see if any cars were coming before dashing out into the street. In short, the infant went negligently into the street. No illegally parked vehicle obstructed the view, as in *Naeris v New York Tel. Co.* (6 AD2d 196, affd 5 NY2d 1009). This plaintiff, almost 10 years old, was much older than the four-year-old child in *Day v Johnson* (265 App Div 383). In that case, the Appellate Division reversed a judgment in favor of defendant. The Trial Judge had directed a verdict for the defendant automobile driver even though there was evidence in the record from which a jury could have found him negligent and the child incapable of negligence. Even assuming the defendant herein was driving at a speed too fast for the circumstances, his negligence alone was not the proximate case of the infant's injuries. The plaintiff's concurrent negligence contributed to the accident as a matter of law.