■ STEVE EPSTEIN, Respondent, v EASTMAN KODAK COMPANY, INC., Appellant. [638 NYS2d 490]

The plaintiff alleges that his injuries were caused by the use of the defendant's photograph processing products from 1978 until 1984. In 1985, the plaintiff commenced this action sounding in negligence, breach of express and implied warranty, and strict products liability. The Supreme Court dismissed the negligence and strict products liability claims as time-barred. In addition, the court dismissed the claim for breach of express warranty, finding no triable issue of fact.

On appeal, the defendant argues that the claim to recover damages for breach of implied warranties should be dismissed

in its entirety for the policy reasons stated in *Snyder v Town Insulation* (81 NY2d 429). We disagree. UCC 2-725 clearly provides for a four-year limitations period which accrues on the date of delivery *(see,* UCC 2-725 [1], [2]). Because the defendant tendered delivery of its products as late as 1984, the defendant is not entitled to dismissal of the breach of implied warranties claim in its entirety. Nevertheless, we agree that recovery may not be based on deliveries tendered prior to May 31, 1981, four years prior to commencement of the action.

The defendant also contends that the plaintiff's conduct in using and exposing himself to the products was the proximate cause of his injuries. The plaintiff claims, however, that he did not realize that the defendant's products were causing him injury until some time in October 1983. Whether his conduct was a proximate cause of injuries prior to then is a question for the trier of fact to resolve *(see, e.g., Gokey v Castine,* 163 AD2d 709, 711). Given the plaintiff's concession, however, the claim should be dismissed with regard to injuries sustained after the plaintiff became aware that the defendant's products were causing injury *(see, Nutting v Ford Motor Corp.,* 180 AD2d 122, 130).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.