■ MELANIE R. MARTIN et al., Appellants-Respondents, v VOLVO CARS OF NORTH AMERICA, INC., et al., Respondents-

Appellants, et al., Defendant. (Appeal No. 1.) [661 NYS2d 338] —Cross appeal unanimously dismissed (*see*, CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488; *Matter of Brown v Starkweather*, 197 AD2d 840, 841, *lv denied* 82 NY2d 653), and judgment reversed on the law with costs to plaintiffs and new trial granted. Memorandum: Melanie R. Martin (plaintiff) was operating her Volvo automobile when it struck a deer. The front hood of the automobile sprung open and the windshield broke, obstructing plaintiff's view of the highway. Plaintiff quickly applied the brakes and her head struck the steering wheel. Plaintiff immediately developed a severe headache and vomited after getting out of her car. In the days that followed, her condition worsened, she became disoriented and had difficulty communicating and moving about. Because of her increasingly severe physical disability, plaintiff's attending physician referred plaintiff to various specialists, whose diagnoses varied from brain injury to post-concussion syndrome. Less than a year after the accident, she was compelled to leave her employment, where she had been a high-level, successful executive. Plaintiff commenced this action against, *inter alia*, Volvo Cars of North America, Inc. and Volvo Car Corporation (defendants) to recover damages for her injuries and disability, and plaintiff's husband asserted a derivative cause of action.

At trial, plaintiffs submitted evidence that the hood latch on the automobile had been defectively manufactured, causing the hood to spring open after the automobile struck the deer, which then caused plaintiff to strike her head on the steering wheel when she quickly applied the brakes. Plaintiffs submitted medical evidence that the blow to plaintiff's head caused plaintiff to suffer a brain injury and the resulting serious physical disability.

In response, defendants presented medical evidence that plaintiff did not sustain a brain injury but, rather, that she suffered from a conversion disorder, i.e., that her personality made her more prone to convert stress into physical illness than the average person. According to the medical evidence presented by defendants, plaintiff's disability could not be explained on the basis of brain injury; instead, it appeared to have a significant psychogenic component. In the opinion of defendants' expert witness, plaintiff had a predisposed mental fragility caused by her stressful life before the accident, and her physical disability would have occurred without the accident. The jury found that the hood latch had been defectively manufactured but that the defect was not a substantial cause of plaintiff's injuries and disability.

At the close of proof, Supreme Court denied plaintiffs' request to charge the jury that defendants would be liable for precipitating or activating a latent disease or condition caused by their negligence (*see*, PJI 2:283). That was error.

It is familiar tort doctrine that one who is negligent is chargeable for all of the harm that the negligent act causes, even if the injuries are activated or exacerbated by a preexisting vulnerability or condition (*see, Owen v Rochester-Penfield Bus Co.*, 304 NY 457; *Steinhauser v Hertz Corp.*, 421 F2d 1169 [2d Cir]; Prosser and Keeton, Torts § 43, at 291-292 [5th ed]). Defendants introduced the theory that the disability of plaintiff was caused entirely by her preexisting latent condition and not by any injury she sustained in the accident. Evidence supporting that theory was relevant to the issue of damages (*see, McCahill v New York Transp. Co.*, 201 NY 221; *Monahan v Weichert*, 82 AD2d 102). However, defendants could not at the same time preclude plaintiffs from having the jury consider whether the latent condition was triggered or activated by the accident (*see, McCahill v New York Transp. Co., supra,* at 223-224; *Bartolone v Jeckovich*, 103 AD2d 632). Plaintiffs' request to charge incorporated a correct statement of the law and was critical to a fair evaluation of the evidence by the jury. The charge as given, however, failed to "incorporate the factual contentions of the parties in respect of the legal principles charged" (*Arroyo v Judena Taxi*, 20 AD2d 888, 889; *see, Kilburn v Acands, Inc.*, 187 AD2d 988, 989), and the difficulty of the jury in understanding the charge is manifested by its requests for further clarification during its deliberations. We therefore reverse the judgment and grant plaintiffs a new trial. (Appeals from Judgment of Supreme Court, Onondaga County, Hurlbutt, J.—Negligence.) Present—Denman, P. J., Green, Doerr, Balio and Boehm, JJ.