■ LINDA PACELLA et al., Respondents, v MICHAEL MASONE, Defendant and Third-Party Plaintiff-Appellant. EAST MEADOW UNION FREE SCHOOL DISTRICT, Third-Party Defendant-Respondent. [691 NYS2d 557] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered April 7, 1998, which denied his motion for summary judgment dismissing the complaint and granted the cross motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint. There are issues of fact as to whether his actions were reasonable, as judged by the level of reasonable conduct to be expected from a child of like age, intelligence, and experience (*see, Rozell v Rozell,* 281 NY 106; *Verni v Johnson,* 295 NY 436; *Camardo v New York State Rys.,* 247 NY 111; *Zapata v City of New York,* 96 AD2d 779; *Egan v Tambone,* 81 AD2d 604).

Moreover, the injured plaintiff's predisposition to injury due to his genetic connective tissue disorder does not absolve the appellant of liability as a matter of law. "It is a familiar tort doctrine that one who is negligent is chargeable for all of the harm that the negligent act causes, even if the injuries are activated or exacerbated by a preexisting vulnerability or condition" (*Martin v Volvo Cars,* 241 AD2d 941, 943).

Finally, the Supreme Court correctly dismissed the third-party complaint. The infant plaintiff's physician informed the third-party defendant that the infant plaintiff was free to engage in all activities, including athletics. Accordingly, the appellant failed to submit any evidence indicating that the third-party defendant failed to "exercis[e] ordinary reasonable care in protecting the plaintiff from unassumed, concealed or unreasonably increased risks" by allowing him to participate in outdoor recess (*see generally, Benitez v New York City Bd. of Educ.,* 73 NY2d 650; *Edelson v Uniondale Union Free School Dist.,* 219 AD2d 614; *Baker v Briarcliff School Dist.,* 205 AD2d 652). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.