■ Robert Doyle, Appellant, v American Home Products Corporation et al., Respondents. [729 NYS2d 194] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated March 20, 2000, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action to recover damages for negligence, strict products liability, and breach of warranty.

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the cause of action to recover damages for breach of warranty, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff allegedly suffered injuries due to his ingestion of the antibiotic Minocin during two separate time periods. The plaintiff first took Minocin from March 1989 to July 1989. Near the end of that time period, he developed symptoms of what would later be diagnosed as Reiter's syndrome, a condition characterized by urinary problems, arthritis, and conjunctivitis. He was treated for Reiter's syndrome with antibiotics and, by December 1991, the condition was no longer active.

In May 1993 the plaintiff again began a course of treatment which included taking Minocin. On May 30, 1993, he again experienced symptoms of Reiter's syndrome, and stopped taking the drug immediately. Several days later, after being reassured by his physician that his symptoms were unrelated to Minocin, the plaintiff resumed taking the drug until July 20, 1993.

After reading an article on the harmful effects of Minocin, the plaintiff commenced this action by filing a summons with notice on May 29, 1996. In the complaint, he alleged causes of action to recover damages for, *inter alia*, negligence, strict products liability, and breach of warranty. The defendants moved for, among other relief, summary judgment dismissing those causes of action, arguing that the plaintiff's negligence and strict products liability claims were time-barred since he first experienced symptoms of Reiter's syndrome in 1989. Furthermore, the defendants argued that he failed to state a cause of action to recover damages for breach of warranty since the allegedly defective deliveries of Minocin in 1993 could not have been a substantial factor in causing his pre-existing Reiter's syndrome. The Supreme Court granted the defendants' motion, finding that the plaintiff's negligence and strict products liability claims were time-barred since the plaintiff had not alleged a new injury, and that he failed to state a cause of action to recover damages for breach of warranty because there was no causal connection between the plaintiff's pre-existing condition and any breach of warranty which occurred in 1993.

CPLR 214-c (2) provides that the Statute of Limitations begins to run "when the injured party discovers the primary condition on which the claim is based" (*Matter of New York County DES Litig. [Wetherill v Eli Lilly & Co.]*, 89 NY2d 506, 509; *see, Whitney v Quaker Chem. Corp.*, 90 NY2d 845; *Water Auth. v Lockheed Martin Corp.*, 276 AD2d 624; *Tarazi v Exxon Corp.*, 269 AD2d 385). Since the plaintiff first experienced the symptoms of Reiter's syndrome in 1989, his causes of action to recover damages for negligence and strict products liability were time-barred.

However, the Supreme Court erred in dismissing the plaintiff's cause of action to recover damages for breach of warranty, as it accrued upon delivery of the allegedly defective medication to the plaintiff, not upon discovery of the resulting injury (*see, Epstein v Eastman Kodak Co.*, 225 AD2d 516). Thus, this cause of action is timely concerning all deliveries of Minocin to the plaintiff during and after May 1993. Further-

more, as a defendant can be held liable for exacerbating a plaintiff's pre-existing injuries, the fact that the plaintiff's Reiter's syndrome was a pre-existing condition does not absolve the defendants of liability, although it is relevant to determining the damages that he may recover for breach of warranty (*see, McCahill v New York Transp. Co.,* 201 NY 221; *Pacella v Masone,* 262 AD2d 291; *Martin v Volvo Cars,* 241 AD2d 941). O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.