Angela Paradis et al., Appellants, v Ralph Burlarley, Respondent, et al., Defendant. [769 NYS2d 920]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Hughes, J.H.O.), entered September 25, 2002 in Greene County, upon a verdict rendered in favor of defendant Ralph Burlarley.

Plaintiff Angela Paradis (hereinafter plaintiff) allegedly developed a problem with her left shoulder following a motor vehicle accident with defendant Ralph Burlarley (hereinafter defendant). She eventually had surgery on the shoulder. Plaintiff and her husband, derivatively, commenced this action asserting that she had sustained a serious injury as a result of the accident. Although defendant stipulated that his negligence caused the accident, he contended at trial that plaintiff's alleged shoulder injury was not a serious injury and was not caused by this accident. Supreme Court charged the jury with deciding whether the accident caused plaintiff to sustain a serious injury under any of three separate categories, to wit, a scar that resulted in a significant disfigurement, a permanent consequential limitation of use of her shoulder, or a medically determined nonpermanent injury that prevented her from performing substantially all her material acts during 90 of the 180 days following the accident (*see* Insurance Law § 5102 [d]). The court refused plaintiffs' request to charge the jury as to whether plaintiff sustained a permanent loss of use of a body organ, member, function or system. The jury determined that plaintiff had not sustained a serious injury caused by the accident under any of the three categories that it considered. Judgment was thus entered dismissing the complaint against defendant. Plaintiffs appeal.

Plaintiffs contend that, since plaintiff's physician surgically severed a ligament in her shoulder as part of the treatment for her shoulder, this constituted a permanent loss of use of the ligament and, thus, Supreme Court should have charged this category of serious injury. We cannot agree. An alleged "permanent loss of use" must be "total" in order to satisfy the no-fault statutory criteria (*see Oberly v Bangs Ambulance,* 96 NY2d 295, 299 [2001]; *Mikl v Shufelt,* 285 AD2d 949, 950 [2001]). Here, one of plaintiff's physicians testified that she complained of pain during certain movements of her shoulder, which he diagnosed as a shoulder impingement. After unsuccessful conservative treatment, he eventually surgically severed the coracoacromial ligament and removed part of the acromion bone to reduce pressure on her rotator cuff, thus, relieving the impingement. Plaintiffs' argument that this severed ligament satisfied the no-fault threshold as a total loss of use finds no support in the case law and such a broad interpretation of the permanent loss of

use category would run counter to the policy underlying the no-fault law (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]; *Dufel v Green,* 84 NY2d 795, 798 [1995]; *Licari v Elliott,* 57 NY2d 230, 235 [1982]). It is readily apparent that the physical problem being addressed was plaintiff's shoulder and, indeed, the surgery reportedly increased her ability to use the shoulder. There was no evidence at trial of a total loss of use of plaintiff's shoulder and, accordingly, the court was correct in its refusal to charge that category of serious injury to the jury. We further note that it appears that the jury determined that plaintiffs failed to establish causation and, therefore, adding a further category of serious injury would not have changed the verdict.

Plaintiffs' argument that Supreme Court made an improper comment about damages during the portion of his charge regarding that issue is academic since the jury never reached the issue of damages.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.