■ BERTIL SCHOU et al., Appellants, v LUBA B. WHITELEY, Respondent. (Action No. 1.) [780 NYS2d 659]—

Peters, J. Appeals from two judgments of the Supreme Court (Sheridan, J.), entered March 12, 2003 and May 1, 2003 in Albany County, upon verdicts rendered in favor of defendants.

In March 1994, plaintiff Bertil Schou (hereinafter plaintiff) was hit by a vehicle driven by defendant Luba B. Whiteley when he was stopped at an intersection. Immediately after the accident, plaintiff experienced only minor pain and returned to work. Later that day, sitting became painful, prompting his visit to an emergency clinic where he was prescribed medication. When such pain did not abate for approximately 2¹/₂ weeks,

plaintiff contacted his primary care physician who referred him to an orthopedic surgeon. The orthopedic surgeon prescribed medication and physical therapy; plaintiff reported gradual improvement.

In August 1994, plaintiff was in another automobile accident. While stopped at an intersection, he was struck from behind by a vehicle driven by Thomas Webb.* Although plaintiff refused immediate medical treatment, he was taken to a local hospital shortly thereafter for the pain and swelling in his neck. Plaintiff returned to his orthopedic surgeon, continued with physical therapy and was later referred to a pain management clinic. Plaintiff underwent various treatments for his neck and back, which included rhizotomies and nerve root blocks. During this time, plaintiff stated that he attempted to participate in the numerous recreational activities that he had enjoyed prior to the accident, but felt limited by both the pain and the residual pain that he experienced afterwards. Approximately five years later, plaintiff returned to his orthopedic surgeon and requested both cervical and lumbar surgery to relieve his pain. After two of his cervical vertebrae were fused in February 2002, he reported some relief. Three lumbar vertebrae were fused in May 2002, but this operation was not as successful.

Separate actions commenced by plaintiff, and his wife derivatively, against Whiteley and defendant Marilyn McKelson, the executor of Webb's estate, were joined for trial. At trial, plaintiff's treating orthopedic surgeon opined that plaintiff's lumbar condition was primarily related to the March 1994 accident and that the August 1994 accident caused plaintiff's neck problems and aggravated his lumbar condition. Defendants' experts—two neurologists and a radiologist—opined that plaintiff's conditions were either not caused by the accidents or that the injuries sustained were not serious or permanent. The jury found that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) from either accident. Plaintiffs' motion for a judgment notwithstanding the verdict was denied and these appeals by plaintiffs ensued.

Plaintiffs challenge the testimony given by defendants' experts that the cause of his pain was degenerative disc disease by alleging that there was no evidence in the record to support that opinion. We disagree. In the exercise of its sound discretion (see Britvan v Plaza At Latham, 266 AD2d 799, 801 [1999]), the trial court may admit expert testimony if it is "based upon facts either found in the record, personally known to the witness,

* Webb died prior to the commencement of this litigation.

derived from a 'professionally reliable' source or from a witness subject to cross-examination" (*Brown v County of Albany*, 271 AD2d 819, 820 [2000], *lv denied* 95 NY2d 767 [2000]). Reviewing the expert testimony proffered by radiologist Jacob Barie, we find that the foundation for his testimony, which included plaintiff's deposition, relevant medical records and plaintiff's MRI films from 1995 showing degenerative changes in both the cervical and lumbar regions, demonstrated that it was properly admitted (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 146 [1997]). Barie opined that plaintiff's continuing lumbar pain was caused by degenerative disc disease rather than an acute herniation from the March 1994 accident (*see Matott v Ward*, 48 NY2d 455, 462 [1979]; *compare Jones v Davis*, 307 AD2d 494, 496 [2003], *lv dismissed* 1 NY3d 566 [2003]). We do not find that Barie's testimony required any other indicia of scientific reliability (*see Matott v Ward, supra* at 461-462; *Jones v Davis, supra* at 497) or that a viable claim was raised that he testified falsely about notations in plaintiff's treating physician's records; any discrepancy was explored through cross-examination.

Neurologist James Storey based his opinion on an examination of plaintiff, his review of plaintiff's MRI reports and medical records. Storey concluded that the pain experienced after the March 1994 accident resulted from a muscle strain with no nerve root compression or impingement; there were no injuries based upon the March 1994 accident. As Storey's opinion finds a basis in plaintiff's medical records, which included a tentative diagnosis from his orthopedic surgeon of soft tissue injury, there was no error in the admission of his testimony (*see Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund, supra* at 146). Nor do we find merit in the claim that Storey testified falsely regarding plaintiff's preexisting back problems since it was a fair interpretation of the largely illegible notes in plaintiff's medical records.

Next reviewing the testimony of neurologist Robert Levine, we note that plaintiffs only objected to that portion of Levine's testimony which concerned the onset of degenerative changes in plaintiff's cervical vertebrae. With this opinion based upon Levine's review of plaintiff's medical records and MRI reports, Supreme Court correctly found that, as a medical doctor, Levine was qualified to testify that the degenerative changes noted, such as bone spurs, occur over a period of years (*see id.*). As plaintiffs raised no other objections to Levine's testimony at trial, we find that the additional challenges raised on appeal were not preserved for our review (*see Osborne v Schoenborn*, 216 AD2d 810, 811 [1995]).

Nor do we find error in Supreme Court's refusal to allow plaintiff to publish one of his scars to the jury. Plaintiff displayed one scar on his neck and one scar on his lower back. Plaintiffs' expert explained that the scar on plaintiff's neck, measuring approximately two inches, resulted from the fusion of his cervical vertebrae and that the scar on his lower back, measuring approximately six inches, resulted from the lumbar fusion. While plaintiffs' expert also explained that plaintiff had an additional scar on his hip from the lumbar fusion that was approximately two inches long, Supreme Court properly exercised its discretion when it precluded the publication of that scar because plaintiff would have had to partially remove his pants to do so (*see Riddle v Memorial Hosp.*, 43 AD2d 750, 750 [1973]). We agree that such scar was relevant to the issue of disfigurement, but find no prejudice resulting from this ruling in light of the prior expert testimony describing the size of such scar and its location.

Supreme Court also properly dismissed plaintiffs' claim, under Insurance Law § 5102 (d), for a permanent loss of use of a body organ, member, function or system by finding that neither the removal of plaintiff's discs nor the loss of use of certain cervical and lumbar vertebrae constitutes a total loss of use (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]; *Paradis v Burlarley*, 3 AD3d 718, 719-720 [2004]; *Geloso v Monster*, 289 AD2d 746, 747 [2001], *lv denied* 98 NY2d 601 [2002]).

As to Supreme Court's refusal to charge the jury on plaintiff's increased susceptibility to injury (*see* PJI3d 2:283 [2003]), defendants' experts opined that plaintiff suffered from a latent degenerative disc disease while plaintiffs' expert opined that the degenerative disc disease was caused by the subject motor vehicle accidents. In the absence of pleadings or proof that plaintiff had a heightened susceptibility to injury due to this degenerative disc disease, Supreme Court properly refused plaintiffs' request (*see Johnson v Grant*, 3 AD3d 720, 721 [2004]; *compare Martin v Volvo Cars of N. Am.*, 241 AD2d 941 [1997]). Similarly, we find no error in the charge identifying plaintiff's preexisting condition as degenerative disc disease (*see* PJI3d 2:282 [2003]) even though an instruction identifying the back injury from the first accident may have been justified. Numerous medical witnesses recognized that there was an objective, preexisting degenerative back condition of uncertain age which was revealed not only by the 1995 MRI but also the February 1999 and June 2001 MRIs. Since the charge given was not incorrect or in such "error '. . . that the jury was prevented from fairly considering the issues at trial' " (*Pyptiuk v Kramer*, 295 AD2d

768, 771 [2002], quoting *Kilburn v Acands, Inc.*, 187 AD2d 988, 989 [1992]; *see Palmer v Rouse*, 232 AD2d 909, 912 [1996]; *Krembs v Wetherbee*, 205 AD2d 917, 918 [1994]), no further review is warranted.

We also disagree with the contention that Supreme Court failed to both incorporate the parties' factual contentions and marshal the evidence during its charge. All expert witnesses were referred to by name and specialty and each party witness was identified by his or her role in each accident. The circumstances of each accident were related to the applicable law and the injuries were specified with respect to each accident. With separate considerations noted for the jurors to review on different elements of damages, we find no error (*see Green v Downs*, 27 NY2d 205, 208 [1970]; *Zipay v Benson*, 47 AD2d 233, 235-236 [1975]).

Similarly unavailing is plaintiffs' challenge to the denial of their motion for a judgment notwithstanding the verdict. Assessment of conflicting opinions rendered by medical experts are proper credibility determinations for the jury to resolve (*see Jones v Davis*, 307 AD2d 494, 496 [2003], *supra*; *Calafiore v Kiley*, 303 AD2d 816, 819 [2003]). As defendants are entitled to the benefit of every favorable inference which can be reasonably drawn from the proffered facts, we find no reason to set aside the verdict since we cannot conclude that "a contrary verdict could not have been reached upon any fair interpretation of the evidence" (*Borden v Capital Dist. Transp. Auth.*, 307 AD2d 1059, 1060 [2003], citing *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *see Jones v Davis*, *supra* at 496).

Reviewing and rejecting plaintiffs' remaining contentions, including the challenge to the redaction of plaintiff's medical records since the disputed statement was not used for purposes of diagnosis (*see Santucci v Govel Welding*, 168 AD2d 845, 846 [1990]), we affirm.

Cardona P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgments are affirmed, with one bill of costs.