Conarton v Holy Smoke BBQ & Catering, LLC (2020 NY Slip Op 04706)





Conarton v Holy Smoke BBQ & Catering, LLC


2020 NY Slip Op 04706


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


629 CA 19-00788

[*1]JAMES E. CONARTON, ON BEHALF OF HIMSELF AND ALL PERSONS SIMILARLY SITUATED, PLAINTIFF-RESPONDENT,
v
HOLY SMOKE BBQ AND CATERING, LLC, DEFENDANT-APPELLANT.






KNYCH & WHRITENOUR, LLC, SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CERIO LAW OFFICES, SYRACUSE (MICHAEL D. ROOT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered April 18, 2019. The order granted plaintiff's motion for class action certification and denied defendant's cross motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order that granted plaintiff's motion for class action certification and denied defendant's cross motion to dismiss the complaint. Initially, although it is generally improper for the moving party to submit evidence for the first time with its reply papers, Supreme Court may consider such evidence where, as here, the opposing party has the opportunity to submit a surreply (see Ferrari v National Football League, 153 AD3d 1589, 1590 [4th Dept 2017]). Contrary to defendant's contention, we conclude that the court properly granted the motion inasmuch as plaintiff relied on evidence that satisfied the five prerequisites set forth in CPLR 901 (a) (see Ferrari, 153 AD3d at 1591-1593), and the factors set forth in CPLR 902 (see id. at 1593). We have reviewed defendant's remaining contentions and conclude that they do not require reversal or modification of the order.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court