People v Murray-Adams (2021 NY Slip Op 03739)





People v Murray-adams


2021 NY Slip Op 03739


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


537 KA 19-02149

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL MURRAY-ADAMS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered November 29, 2018. The judgment convicted defendant upon a plea of guilty of burglary in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, burglary in the first degree (Penal Law § 140.30 [2]), defendant contends that he did not validly waive his right to appeal and that the sentence is unduly harsh and severe. We agree with defendant that he did not validly waive his right to appeal. Supreme Court provided defendant with erroneous information about the scope of the waiver of the right to appeal, including characterizing it as an absolute bar to the taking of an appeal, and we thus conclude that the colloquy was insufficient to ensure that defendant's waiver of the right to appeal was voluntary, knowing, and intelligent (see People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We note that "[t]he better practice is for the court to use the Model Colloquy, which neatly synthesizes . . . the governing principles" (People v Somers, 186 AD3d 1111, 1112 [4th Dept 2020], lv denied 36 NY3d 976 [2020] [internal quotation marks omitted]; see Thomas, 34 NY3d at 567; NY Model Colloquies, Waiver of Right to Appeal). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court