People v Jackson (2021 NY Slip Op 05212)





People v Jackson


2021 NY Slip Op 05212


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


727 KA 17-01712

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILBERT A. JACKSON, II, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered September 28, 2016. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that his waiver of the right to appeal is invalid. We reject that contention. Although language in the written waiver form arguably portrays the waiver as an absolute bar to the taking of an appeal (see generally People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Kubiak, 195 AD3d 1451, 1451 [4th Dept 2021], lv denied — NY3d — [2021]), a trial court's "oral colloquy with defendant . . . can cure incorrect language in the written waiver form" (Thomas, 34 NY3d at 563). Here, County Court informed defendant during the oral colloquy that he was giving up "most claims of error," with the exception of those "errors that survive the waiver of the right to appeal," including, for example, whether defendant's plea is voluntary, whether he was denied effective assistance of counsel, and whether he was competent to understand the legal proceedings and to stand trial (see NY Model Colloquies, Waiver of Right to Appeal; cf. People v Murray-Adams, 195 AD3d 1450, 1450 [4th Dept 2021]; Kubiak, 195 AD3d at 1451). Moreover, the court specifically informed defendant that a notice of appeal could and would be filed (see NY Model Colloquies, Waiver of Right to Appeal). Given that language in the court's oral colloquy, we conclude that the record establishes that defendant " 'comprehended the nature of the waiver of appellate rights' " (Thomas, 34 NY3d at 565-566), and thus the "appeal waiver was knowingly and voluntarily entered and sufficiently comprehensive to cover [defendant's] appellate challenge to the suppression ruling — without any need for express mention of it during the waiver colloquy" (id. at 565).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court