People v Brinson (2025 NY Slip Op 04383)

People v Brinson

2025 NY Slip Op 04383

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, SMITH, NOWAK, AND HANNAH, JJ.

526 KA 22-01814

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GERALD BRINSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Julie M. Hahn, J.), rendered September 16, 2022. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We affirm.
Contrary to defendant's contention, the record establishes that defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Figueroa, 230 AD3d 1581, 1582 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]; People v Edmonds, 229 AD3d 1275, 1276-1277 [4th Dept 2024], lv denied 43 NY3d 930 [2025]; see generally People v Thomas, 34 NY3d 545, 559-564 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Lopez, 6 NY3d 248, 256 [2006]). We note that County Court used the appropriate model colloquy with respect to the waiver of the right to appeal (see NY Model Colloquies, Waiver of Right to Appeal; see generally Thomas, 34 NY3d at 567; People v Hoose, 236 AD3d 1294, 1295 [4th Dept 2025]; Edmonds, 229 AD3d at 1277). Contrary to defendant's assertion, the court did not mischaracterize the appeal waiver as "an absolute bar to the taking of a first-tier direct appeal" (Thomas, 34 NY3d at 558; see Figueroa, 230 AD3d at 1582; Edmonds, 229 AD3d at 1277). Instead, the court followed the model colloquy nearly verbatim, explaining that defendant retained the right to take an appeal and that he was giving up "most of [defendant's] claims of error," but not the "limited number of claims [that] survive [defendant's] waiver of appeal," such as those relating to the voluntariness of the plea and the legality of the sentence (see Thomas, 34 NY3d at 567; Edmonds, 229 AD3d at 1277; People v Jackson, 198 AD3d 1317, 1318 [4th Dept 2021], lv denied 37 NY3d 1096 [2021]). Any deficiency by the court in ascertaining on the record defendant's understanding of the contents of the written waiver (see Thomas, 34 NY3d at 563, 566; People v Bradshaw, 18 NY3d 257, 266-267 [2011]; see also People v Lomax, 161 AD3d 1454, 1455 [3d Dept 2018], lv denied 32 NY3d 1113 [2018]) is of no moment where, as here, the oral waiver was adequate (see Lopez, 6 NY3d at 257; People v Witherow, 203 AD3d 1595, 1595-1596 [4th Dept 2022]; People v Thomas, 178 AD3d 1461, 1461 [4th Dept 2019], lv denied 35 NY3d 945 [2020]).
Defendant's valid waiver of the right to appeal precludes our review of his contention that he was denied his statutory right to a speedy trial (see People v Kelly, 231 AD3d 1515, 1516 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; People v Gore, 224 AD3d 848, 848-849 [2d Dept 2024], lv denied 42 NY3d 938 [2024]).
With respect to defendant's challenge to the state's gun licensing scheme, we conclude [*2]that defendant has not demonstrated that he has standing to assert that challenge (see People v Davis, 234 AD3d 1356, 1356 [4th Dept 2025]; People v Vega, 228 AD3d 467, 467 [1st Dept 2024], lv denied 42 NY3d 1082 [2025]; People v Liriano, 226 AD3d 520, 521 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]; see generally United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). Furthermore, we reject defendant's contention that Penal Law § 265.03 (3) is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). "The decision in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (Davis, 234 AD3d at 1356-1357 [internal quotation marks omitted]; see People v Cabrera, 41 NY3d 35, 49-50 [2023]; People v Joyce, 219 AD3d 627, 628 [2d Dept 2023], lv denied 40 NY3d 1013 [2023]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court