Erlenback v Congelli (2025 NY Slip Op 04323)

Erlenback v Congelli

2025 NY Slip Op 04323

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, AND KEANE, JJ.

398 CA 24-01242

[*1]JACQUELINE ERLENBACK, PLAINTIFF-APPELLANT,
v
TAMMY J. CONGELLI, M.D., AND CENTRAL NEW YORK SURGICAL PHYSICIANS, P.C., DEFENDANTS-RESPONDENTS. 

ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (MICHAEL J. CIRINCIONE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered February 16, 2024 in a medical malpractice action. The judgment dismissed the complaint upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action alleging, among other things, that Tammy J. Congelli, M.D. (defendant) negligently performed plaintiff's bilateral mastectomy and was negligent in her postoperative care of plaintiff. Plaintiff further alleged that defendant's employer, defendant Central New York Surgical Physicians, P.C., is vicariously liable for defendant's negligence under the doctrine of respondeat superior. The matter proceeded to trial, after which the jury returned a verdict finding that defendant was not negligent.
We reject plaintiff's contention that the verdict is against the weight of the evidence. The evidence presented to the jury did not "preponderate so heavily in favor of [plaintiff] that the jury could not have reached its verdict on any fair interpretation of the evidence" (Jurkowski v Sheehan Mem. Hosp., 85 AD3d 1672, 1673 [4th Dept 2011] [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Peevey v Unity Health Sys., 196 AD3d 1139, 1141 [4th Dept 2021]). Instead, "there was conflicting expert testimony concerning the alleged negligence of . . . defendant[ ], and thus it was for the jury to weigh the conflicting medical evidence and credit the opinion of one expert over that of another" (Mascia v Olivia, 299 AD2d 883, 884 [4th Dept 2002] [internal quotation marks omitted]).
We also reject plaintiff's contention that she should have been allowed to display her physical injuries to the jury. Whether an injury may be physically displayed to a jury is subject to the discretion of the court (see Schou v Whiteley, 9 AD3d 706, 709 [3d Dept 2004]). Here, the medical records and the numerous photographs of plaintiff's injuries were sufficient to establish the extent of her disfigurement, and thus there was no prejudice to plaintiff arising from Supreme Court's refusal to allow the jury to see plaintiff's bare chest. Under the circumstances, we cannot conclude that the court's ruling constitutes an abuse of discretion (see id.; see generally Harvey v Mazal Am. Partners, 79 NY2d 218, 223-224 [1992]).
Plaintiff further contends that the court erred in denying her request to instruct the jury on the doctrine of res ipsa loquitur (see PJI 2:65). We reject that contention. The doctrine of res ipsa loquitur applies "to occurrences '[w]here the actual or specific cause of an accident is unknown' " (James v Wormuth, 21 NY3d 540, 546 [2013], quoting Kambat v St. Francis Hosp., [*2]89 NY2d 489, 494 [1997]) and permits "a jury . . . in certain circumstances [to] infer negligence merely from the happening of an event and the defendant's relation to it" (Kambat, 89 NY2d at 494). "To rely on that doctrine, a plaintiff must show that (1) the injury does not ordinarily occur in the absence of negligence, (2) the instrumentality that caused the injury is within the defendants' exclusive control, and (3) the injury is not the result of any voluntary action by the plaintiff" (Antoniato v Long Is. Jewish Med. Ctr., 58 AD3d 652, 654 [2d Dept 2009]; see James, 21 NY3d at 546; Kambat, 89 NY2d at 494).
Here, the conflicting medical testimony presented at trial "did not give rise to an inference of negligence based upon the mere occurrence of the adverse event at issue" (Knapp v Soffer, 196 AD3d 551, 552 [2d Dept 2021]), and therefore "the facts adduced at trial were insufficient to warrant a jury charge on the doctrine of res ipsa loquitur" (Sangiovanni v Koloski, 31 AD3d 422, 422-423 [2d Dept 2006]; see Seung Ja Cho v In-Chul Song, 286 AD2d 248, 249 [1st Dept 2001], lv denied 97 NY2d 610 [2002]).
Finally, plaintiff contends that the court should have granted her postverdict motion insofar as it sought a new trial based on newly discovered evidence (see CPLR 4404 [1]; 5015 [a] [2], [3]). Specifically, plaintiff contends that new evidence that had come to light would probably have resulted in a different verdict if it had been introduced at trial (see CPLR 5015 [a] [2]) and that such evidence establishes that defendants engaged in "fraud, misrepresentation or other misconduct," warranting a new trial (CPLR 5015 [a] [3]). According to plaintiff, the new evidence shows that defendants' expert committed perjury when she testified that she had "[n]ever" been sued and denied that she knew defendant, stating only that she "knew of" defendant. In her postverdict motion, plaintiff submitted evidence that defendants' expert had been sued the year before trial and evidence that defendant and the expert were in residency at the same time and location. In addition, in her reply papers on that motion, plaintiff submitted evidence that defendant and the expert served on the same board for a charity.
With certain exceptions not applicable to this case, we do not consider evidence submitted for the first time in reply papers (see Oakshire Props., LLC v Argus Capital Funding, LLC, 229 AD3d 1199, 1202 [4th Dept 2024]; Conarton v Holy Smoke BBQ & Catering, LLC, 186 AD3d 1111, 1111 [4th Dept 2020]). " 'The function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds [or evidence] for the motion' " (Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381 [1st Dept 2006]).
In any event, even assuming, arguendo, that the court properly considered evidence submitted by plaintiff for the first time in her reply papers, we conclude that none of the evidence submitted by plaintiff on her motion warrants a new trial. Although the information submitted by plaintiff is relevant to the credibility and bias of defendants' expert, it is not "newly discovered evidence" for purposes of CPLR 5015 (a) (2) inasmuch as it could have been discovered prior to trial. With respect to CPLR 5015 (a) (3), a new trial may be warranted by "fraud, misrepresentation, or other misconduct of an adverse party" (emphasis added). Of course, defendants' expert is not a party to this case, and there is no evidence of any fraud, misrepresentation or misconduct by defendants. Moreover, we conclude that any misconduct by defendants' expert witness did not "so infect[ ] the verdict as to require that [it] be set aside in the interest of justice" (Trapp v American Trading & Prod. Corp., 66 AD2d 515, 519 [1st Dept 1979]; cf. D'Amato v WDF Dev., LLC, 183 AD3d 695, 697 [2d Dept 2020]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court